UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINDA POLLARD, et al.,

                              Plaintiffs,

                  v.

CITY OF NEW YORK,

                              Defendant.

23 Civ. 10722 (DEH)

**OPINION**
**AND ORDER**

DALE E. HO, United States District Judge:

On June 13, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiffs' claims. *See* ECF No. 24. Plaintiffs' counsel also requests approval of attorney's fees and costs. *See id.* at 2. Attached to the letter motion are the executed settlement agreement, *see* ECF No. 24-1; a proposed order of dismissal, *see* ECF No. 24-2; and declarations from Plaintiffs' counsels, *see* ECF Nos. 24-3, 24-4.

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (further outlining the factors that district courts have used to determine whether a proposed settlement and award of attorney's fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015). Having reviewed the parties' settlement agreement, the Court holds that it is hereby **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.

After accounting for attorney's fees and costs, Plaintiffs will receive the "Gross Damages Amount" of $32,745.00, comprising of $17,234.00 in backpay and $15,511.00 in liquidated

damages.  *See* ECF No. 24 at 2-3.  The Gross Damages Amount will be distributed among the seven Plaintiffs based on a point system, in which each Plaintiff earns a point for every week the individual Plaintiff worked during the recovery period.  *See id.* at 2-3.  Each Plaintiff has been informed in writing of "the Settlement Amount, the amount agreed to by the City for fees and expenses, the methodology for assigning points, the value of a point, and the number of points calculated for them using the Defendant's payroll data," and has been provided an opportunity to dispute the points assigned to themselves and all other Plaintiffs.  *Id.* at 3.  No Plaintiff has raised any dispute or objection.  *Id.*

Plaintiffs allege that Defendant failed to pay overtime for work performed before and/or after Plaintiffs' scheduled shifts ("pre- and post-shift overtime claim"); that Defendant failed to pay overtime for work performed during unpaid meal periods ("meal period claim"); and that Defendant lacked good faith and reasonableness and willfully violated the law, thereby entitling Plaintiffs to "liquidated damages in an amount equal to their backpay" and extending the statute of limitations from two to three years under 29 U.S.C. § 255(a).  *Id.* at 1-2.  Defendant agrees to pay 100% of the total claimed backpay damages over a three-year period for both the "pre- and post-shift overtime claim" and the "meal period claim," plus an amount equal to 90% of the backpay as liquidated damages.  *Id.* at 5.  The Gross Settlement Amount is approximately 95% of Plaintiffs' total claimed damages using a three-year recovery period.  *See* Faulman Decl., ¶ 11, ECF No. 24-3.

The parties represent that this settlement agreement was reached as a result of extensive arm's length negotiations between experienced counsel—the parties participated in a mediation session before a court-appointed, neutral, and experienced, arms-length mediator on May 8, 2024, and reached the settlement resolution on May 17, 2024, after further negotiation.  *See* ECF No. 24 at 2.  Courts typically regard the adversarial nature of a litigated FLSA case and arm's-

length bargaining to be indicators of the fairness of the settlement. *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825, 2013 WL 1364147, at *9 (S.D.N.Y. Apr. 2, 2013); *Zorn-Hill v. A2B Taxi LLC*, No. 18 Civ. 11165, 2020 WL 5578357, at *2 (S.D.N.Y. Sept. 17, 2020) ("[W]hether the settlement agreement is the product of arm's-length bargaining between experienced counsel" is a significant factor in assessing the fairness of an agreement.") (cleaned up).

Courts further consider "the seriousness of litigation risks faced by the parties" and "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (cleaned up). The parties are incentivized to avoid protracted litigation, since "[l]itigating FLSA claims and damages at trial would be a fact-intensive process demanding additional costly litigation," including full merits and expert discovery, summary judgment motion practice, trial preparation, likely post-trial motions practice, and possible appeal. *See* ECF No. 24 at 5-6. The parties face uncertainty over the potential outcome, most notably "the possible ranges of recovery associated with the amount of uncompensated work performed on Plaintiffs' claims, as well as the issues of whether the Defendant's violations on all claims were willful and lacked good faith or reasonableness." *Id.* at 6. Given that the settlement would enable the parties to avoid significant litigation expenses and risks, and that the settlement amount roughly equals 95% of Plaintiffs' total claimed damages, the Court finds no fairness concerns with the compromise reached by the parties.

It is further **ORDERED** that Plaintiffs' counsel's request for attorney's fees and costs is **GRANTED**. Plaintiffs' counsel requests $41,992.00 in legal fees and $4,508.00 in costs. *See id.* at 2. Plaintiffs' counsel submits detailed time records documenting their work in connection with this matter. *See generally* Faulman Decl., ECF No. 24-3; Pordy Decl., ECF No. 24-4. Even

3

though Plaintiffs' counsel seeks a lodestar attorney rate of $410 to $620 per hour, which is higher than courts would usually grant, *see Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by*, 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022), counsel's total requested legal fees are less than half the lodestar amount, making the requested fees presumptively reasonable. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (approving fee request as reasonable where the lodestar amount exceeded the requested fees). Counsel also provides sufficient documentation in support of its requested amount for costs, including "filing fees, experts, copying, electronic research, and printing." *See* Faulman Decl. ¶ 28; Pordy Decl. ¶ 15; *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients. The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." (cleaned up)); *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 390 (S.D.N.Y. 2017) (awarding expenses for experts, copying, electronic research, travel, printing, and other out-of-pocket expenses, since the expenses were reasonable and necessary to counsel's representation of Plaintiffs).

The settlement agreement poses none of the equity concerns outlined by *Cheeks* and its progeny. It is therefore approved as fair and reasonable. Accordingly, any pending motions are moot. All conferences are canceled. An order will issue separately allowing the Court to retain jurisdiction solely for purposes of enforcing the parties' settlement agreement.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 13, 2024
        New York, New York

_____
            DALE E. HO
      United States District Judge